# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

UNITED STATES OF AMERICA,     )

VS.                         )        2:01-cr-514-JHH-RRA

LEE THORNTON SMITH, JR.     )

## MEMORANDUM OF OPINION REGARDING ORDER GRANTING MOTION TO REDUCE TERM OF  IMPRISONMENT

The movant, acting pro se, filed the above-styled motion, commonly referred to as an 18 U.S.C. § 3582 motion (doc. #59), on February 19, 2008,[1] requesting that this court modify or reduce his sentence pursuant to the retroactive crack cocaine amendment to the Sentencing Guidelines which became effective on November 1, 2007. On November 14, 2008 the United States filed a response (doc. #65) to the § 3582 motion and on December 5, 2008 movant filed a traverse (doc. #66) to that response.  Movant's October 9, 2008 motion (doc. #63) for appointment of counsel was denied (doc. #67) on December 5, 2008.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, # 706, represented the U.S.S.C.'s

---

[1]    Although the movant's motion was filed prior to the date that the amendment became retroactive, the court treats the motion as timely filed.

attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

    All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[2] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

    With that background, the court now turns to the current motion (doc. #59) of Lee Thornton Smith, Jr., to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the

---

[2]  At this point, the crack amendment had no retroactive application.

2

amended policy statement. The focus of the § 3582(c)(2) motion is the 151-month concurrent sentences imposed upon movant under Counts One, Two, and Three (charging distribution of cocaine base) and Count Four (charging possession with intent to distribute cocaine base.   Movant pled guilty to those charges.  At the time the movant was sentenced, he was attributed with 153.71 grams of crack cocaine for the offenses.  Counts One, Two, and Three each carried a statutory minimum sentence of five years (60 months).  Count Four carried a minimum sentence of 120 months.

Movant was originally sentenced on April 22, 2002, to 151 months under each of the four counts to run concurrently but with the sentences to run consecutively to the sentences imposed in Jefferson County Circuit Court cases CC 96-3289 and CC 96-3290.[3]

The following chart sets forth the application of the crack amendment to the instant case:

---

[3]     The combined sentence of 151 months was based on the government's departure motion made pursuant to U.S.S.G. § 5K1.1.  It reflected a reduction in two offense levels (from 31 to 29) with the sentence being at the bottom of the range (151-188 months).

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 31 | 29 |
| **Criminal History Category** | VI | VI |
| **Imprisonment Range** | 188-235 months | 151-188 months |
| **§ 5K1.1 Motion** | OL 29, VI 151-188 months | OL 27, VI 130-188 months |
| **Sentence** | 151 months | 130 months |
| **Projected Release Date** | 1/26/2016 | |

Pursuant to U.S.S.G. § 1B1.10(b)(2)(B), this court finds that the movant is eligible for a reduction in sentence. The court further finds that the sentence should reflect a comparable reduction from the bottom of the amended range,[4] and therefore, concludes that the offense level should be 27, which when combined with criminal history category VI, results in a range of 130 to 188 months. The court hereby reduces movant's sentence to 130 months in each of Counts One,

---

[4]    U.S.S.G. § 1B1.10(b)(2)(B) reads as follows: "Exception. – If the original term of imprisonment was less that the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate...."

4

Two, Three, and Four to run concurrently one with the other but consecutively to the Jefferson County cases.  In reaching these conclusions, the court has again taken into consideration the factors set forth in 18 U.S.C. § 3553(a) and finds that the 130 month sentence is a reasonable sentence and is not greater than necessary to comply with the statutory purposes of sentencing.

A separate order will be entered granting the motion for the reasons as set forth herein.  Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States  v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.* 4(b)(1)(A)(i).  If movant was represented by appointed counsel at trial or on appeal, movant is not required to file a new application to proceed *in forma pauperis* on appeal from the ruling on the § 3582(c)(2) motion. If movant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application  to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the ruling on the

§ 3582(c)(2) motion.  The Clerk is DIRECTED to provide movant with an

application to proceed *in forma pauperis* form.

 **DONE** this the   10th   day of December, 2008.

_____

 SENIOR UNITED STATES DISTRICT JUDGE